UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ECKARD, <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR JONES, <br><br> Defendant. | Case No. C19-815-JCC <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner detained at the Snohomish County Jail, filed a *pro se* complaint seeking relief under 42 U.S.C § 1983. Dkt. 5. The Court screens complaints filed by plaintiffs who are prisoners under 28 U.S.C. § 1915A(a). The statute directs a court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint names as defendant Taylor Jones, a corrections officer. Plaintiff alleges on April 2, 2019, Mr. Jones woke plaintiff up at 3:00 am and asked if he wanted "his recreation." Plaintiff alleges he asked to have his recreation time after he had breakfast and showered. Dkt. 5 at 2. Plaintiff alleges defendant responded that plaintiff had to take his recreation time

REPORT AND RECOMMENDATION- 1

1  immediately not later. Plaintiff alleges that he was therefore forced to choose between
2  continuting to sleep, taking recreation time and showering and this forced choice violated his
3  Consitutional rights. *Id*. As relief, plaintiff asks the Court to issue an order prohibiting defendant
4  from requiring inmates from choosing between sleeping and hygiene and to award him
5  $1,000,000 in damages. *Id.* at 3.

## DISCUSSION

7  Plaintiff's complaint is brought under the Fourteenth Amendment and raises the issue of
8  whether his Eighth Amendment rights were violated due to the conditions of his confinement. To
9  constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
10 conditions must involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*,
11 452 U.S. 337, 347 (1981). Generally, a prison's "obligation under the [E]ighth [A]mendment is
12 at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation,
13 medical care, and personal safety." To prevail on a "conditions of confinement" claim, a plaintiff
14 must show serious deprivation and deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294,
15 297–300 (1991). Generally, indigent jail inmates have the right to personal hygiene supplies. *See*
16 *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, not every deprivation or poor
17 condition of confinement violates the Eighth Amendment. For example Courts have found that
18 denying a prisoner 21 days of exercise and providing inadequate food, sanitation and care does
19 not necessarily violate the Constitution. *See May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir.
20 1997).

21 Prolonged deprivation of sanitation may violate the Eighth Amendment. But temporary
22 deprivations involving no proof of harm do not. *See e.g., Cnesale v. Jackson*, 2018 WL 3730062
23 at * 4 (N.D. Cal. Aug. 6, 2018) (Inmate spending four to six hours a week in unsanitary cell does

not violate the Constitution.). By these standards, plaintiff's complaint fails to state a claim for relief. The complaint alleges a one-time demand by defendant that plaintiff shower or take recreation time or forfeit it. There is no evidence of a prolonged deprivation that would violate the Constitution. Additionally, there is no legal basis supporting plaintiff's claim he is entitled to choose the time of day he takes his showers or recreation time. The fact the time period that defendant offered for these activities did not meet plaintiff's preferences does not state a claim because prisoners are not entitled under the constitution to pick and choose when he or she may take recreation time.

Additionally, this Court must normally give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). In *Turner v. Safley*, 482 U.S. 78, 84, (1987), the Supreme Court set forth the standard for evaluating prisoners' constitutional claims. *Turner* held a regulation that impinges upon a prisoner's constitutional rights is valid if the regulation is reasonably related to legitimate penological interests. To guide courts in evaluating whether a challenged regulation is reasonably related to legitimate penological interests, *Turner* established the following four-part test:

> (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.

*Id*. at 89-90. Although each factor is relevant, the Ninth Circuit considers the first factor to be the most important. *See Walker v. Sumner*, 917 F.2d 382, 385 (9th Cir. 1990). Applying the first

REPORT AND RECOMMENDATION- 3

factor to this case, defendant's action is rationally related to a legitimate penological objective. The defendant's action reflects the many demands placed on the jail in providing for the needs of many inmates and activities. Plaintiff attached to the complaint a grievance regarding the allegations. In the grievance, the jail responded to plaintiff's complaint about not being able to choose when he could shower, sleep and take recreation time. The Jail stated:

> You have a choice to accept or decline your rec when it is offered. Your rec is offered on an alternating basis and is balanced with the many other activities that must occur at particular times in the unit in which you are housed.

Dkt. 5 (Exhibit). The jail's response clearly shows that the actions alleged in this case – the timing of showers and recreation time are rationally related to maintaining jail operations and security.

In sum, plaintiff alleges he was asked on April 2, 2019, to take his recreation time/shower at a time that he wanted to continue sleeping. He alleges being forced to make such a choice between continuing to sleep or take recreation time violates his rights. What occurred that day, however, does not offend the Constitution. Plaintiff has no right to self-select the exact time he can sleep or shower or have recreation time, and the allegations involves a one-time event. If every prisoner could pick and choose when he or she wanted to sleep, shower and have recreation time, the jail would be unable to operate the jail in any sensible fashion or maintain jail security. The allegation presented here fails to state a Consitutional violation, and should accordingly be dismissed. If plaintiff disagrees or has other facts that he believes would alter this conclusion, he should file objections to the report and recommendation within the time frame set forth below, and also file an amended complaint at the same time containing those additional facts.

REPORT AND RECOMMENDATION- 4

**CONCLUSION**

The Court recommends for the reasons above the complaint be dismissed with prejudice. Plaintiff should not file an appeal in the Circuit Court until and unless the District Judge enters judgment in this case. Plaintiff is advised he may file objections to this Report and Recommendation, and that his objections are due no later than **June 19, 2019**. The Clerk should note the matter for **June 21, 2019**, as ready for the District Judge's consideration. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff. The Clerk shall also provide this order to plaintiff.

DATED this 5th day of June 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5